UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| ANALIEFO ANTHONY OKOLOJI, | : | 3:07cv24(WWE) |
|---|---|---|
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL CHERTOFF, et al., | : | |
|     Respondents. | : | |

## RULING ON PETITION FOR WRIT OF MANDAMUS

The petitioner, Analiefo Anthony Okoloji, has brought a petition for mandamus seeking to compel adjudication of his application for citizenship. Respondents assert that the action is moot since petitioner's application has now been adjudicated. For the following reasons, the petition for writ of mandamus is denied.

## BACKGROUND

On May 23, 2005, petitioner filed a Form N-400 application for citizenship. On October 31, 2005, petitioner was interviewed by a District Adjudication Officer concerning his eligibility for naturalization. On December 9, 2005, the United States Citizenship and Immigration Service ("USCIS") denied the petitioner's N-400 application on the basis of petitioner's unpaid taxes.

On January 5, 2006, petitioner filed a Request for a N-336 Hearing on a Decision in Naturalization Proceedings. On May 19, 2006, petitioner attended a hearing on his N-336 application, at which time he was requested to provide further information. Petitioner submitted that requested information.

On January 5, 2007, petitioner filed this complaint for mandamus relief,

1

requesting this Court to compel the respondents to adjudicate the petitioner's Form N-400 and Form N-366 applications.

In February 2007, respondents sent petitioner a decision on his Form N-366 request for a hearing, adhering to its previous decision to deny his N-400 application for naturalization. The decision stated:

> Information submitted by you indicated that you set up a payment plan in 2003 to address the issue of these overdue taxes. While the information you submitted overcomes the allegation that back taxes were not fully addressed until 2005, it still does not indicate that the debts from 2000, 2001, and 2002 tax years were addressed timely. A review of the tax transcripts that you submitted reveals that on July 19, 2003, an "Intent to Levy Collection Due Process Notice" was issued to you. This notice was issued as a result of your failure to timely pay taxes that were owed from previous tax years. Furthermore, the tax transcripts submitted throughout the statutory period reflect that you were subject to several "failure to pay" tax penalties. Failure to pay owed taxes is an unlawful act that adversely reflects upon your moral character.

In light of the lack of evidence concerning any extenuating circumstances that would have caused petitioner's failure to pay taxes timely, the USCIS found that plaintiff had not sustained his burden of proof to establish good moral character during the statutorily prescribed period.

## **DISCUSSION**

Petitioner seeks judicial determination of his naturalization application and a declaration that he is entitled to be naturalized. He argues that this Court retains exclusive jurisdiction over the matter and should disregard respondents' decision.

Petitioner has brought this mandamus action pursuant to 8 U.S.C. § 1447(b), which provides, in relevant part[1]:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instruction, to the service to determine the matter.

Respondents set forth that the case is moot since petitioner's application has been adjudicated. When a case is moot, this Court is divested of subject matter jurisdiction due to the lack of case or controversy. Nat'l Adver. Co. v. City of Miami, 402 F.3d 1329, 1332 (11th Cir. 2005).

Petitioner's argument in favor of this Court's exclusive jurisdiction relies upon United State v. Hovsepian, 359 F.3d 1144 (9th Cir. 2004). Hovespian held that once a petitioner has filed a complaint pursuant to section 1447(b), the district court retains exclusive jurisdiction; therefore, a subsequent decision of USCIS adjudicating a petitioner's application does not render the case moot. Id. at 1164. However, recent decisions have held that the district court and USCIS hold concurrent jurisdiction over the matter after § 1447 (b) is invoked. Al-Saleh v. Gonzales, 2007 WL 990145 (D.Utah 2007); Perry v. Gonzales, 2007 WL 293424 (D.N.J. 2007).

In this instance, denial of the mandamus petition is appropriate according to either view of § 1447(b)'s effect. If concurrent jurisdiction exists, the Court finds that the case has been adjudicated and is therefore moot. If exclusive jurisdiction is proper,

---

[1] The Court assumes for purposes of this ruling that petitioner's reliance on § 1447(b) is proper.

petitioner has not provided this Court with any legal or evidentiary ground to find differently from the USCIS' decision on the merits.

## CONCLUSION

For the foregoing reasons, the petition for mandamus relief is DENIED. The clerk is instructed to close this case.

Dated this 25th day of June, 2007, in Bridgeport, Connecticut.

_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE